## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                          No. CR 10-2057 JB

CODY KELLY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Review Conditions of Release, filed October 18, 2010 (Doc. 33)("Motion").  The Court held a hearing on November 9, 2010.  The primary issue is whether the Court should release pre-trial Defendant Cody Kelly pending resolution of the federal charges against him.  Because the Court finds, by clear-and-convincing evidence, that Kelly is a danger to the community, and by a preponderance of the evidence, that he is a flight risk, the Court will deny his motion to release him pre-trial.

## PROCEDURAL BACKGROUND

On March 4, 2010, the United States District Court for the District of New Mexico issued a criminal complaint against Kelly for violating: (i) 18 U.S.C. § 922(g)(1), felon in possession of a firearm; (ii) 26 U.S.C. § 5861(d), possession of a weapon not registered in the National Firearm Registration and Transfer Record; and (iii) 26 U.S.C. § 5861(i), possession of a firearm not identified by a serial number.  See Criminal Complaint, filed March 4, 2010 (Doc. 1).  On March 4, 2010, the District Court also issued an arrest warrant for Kelly, and he was arrested on June 25, 2010. On July 12, 2010, a grand jury indicted Kelly on all three counts.  See Indictment, filed July 13, 2010 (Doc. 11).  On June 29, 2010, the Honorable Alan C. Torgerson, United States Magistrate

Judge, filed a Detention Order Pending Trial, ordering Kelly detained before trial, because he found that there is a serious risk that Kelly will endanger the safety of another person or the community. See Doc. 9.

On August 2, 2010, Kelly filed his Motion to Suppress All Evidence Found as a Result of Either the Warrantless Detention, Search and/or Arrest of Mr. Kelly on January 26, 2010 (Evidentiary Hearing Requested). See Doc. 15. The Court granted in part and denied in part his motion to suppress evidence. See Memorandum Opinion and Order, filed November 11, 2010 (Doc. 39)("MOO"). The Court granted Kelly an evidentiary hearing, but denied his request to suppress evidence.

Kelly now appeals Judge Torgerson's detention order. Kelly moves the Court to order him released on conditions. He requests that the Court appoint either his parents or his fiancee, Jeanine Van Auken, as third-party custodians. Plaintiff United States of America opposes Kelly's Motion.

## STANDARD OF REVIEW BY THE DISTRICT COURT

Section 3145(a) of Title 18 provides that a "court having original jurisdiction over the offense" may review a magistrate judge's detention order or release order. 18 U.S.C. § 3145(a)-(b). "The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir.1985)(stating that a district court's review of magistrate judge's order setting bond was de novo).

## RELEVANT LAW REGARDING RELEASE PENDING TRIAL

Pursuant to 18 U.S.C. § 3142,

Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be--

> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

> (2) released on a condition or combination of conditions under subsection © of this section;

> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or

> (4) detained under subsection (e) of this section.

18 U.S.C. § 3142(a).  If the judicial officer determines that release on personal recognizance or upon

execution of an unsecured appearance bond,

> will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person--

> > (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and

> > (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . .

18 U.S.C. § 3142©.

A defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C.

§ 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure

the appearance of the person as required and the safety of any other person and the community."

18 U.S.C. § 3142(e).  At such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence.  See 18 U.S.C. § 3142(f); United States v. Cisneros, 328 F.3d at 616 (citations omitted).

In determining whether there are conditions of release that will "reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## ANALYSIS

For the reasons stated on the record at the November 9, 2010 hearing, the Court finds that Kelly is, by a preponderance of the evidence, a flight risk, and, by clear-and-convincing evidence, a danger to the community.  The Court therefore denies his appeal.  The Court has carefully

-4-

considered Kelly's case as it prepared for this hearing and decided Kelly's motion to suppress.

The 18 U.S.C. § 3142(g) factors counsel in favor of detaining Kelly pending trial.  The crime with which he is charged involved a firearm.  <u>See</u> 18 U.S.C. § 3142(g)(1)("[T]he judicial officer must consider . . . the nature and circumstances of the offense charged, including whether the offense . . . involves a firearm . . . .").  Kelly was found with a sawed-off shotgun, seventy-two rounds of ammunition, a ski mask, and latex gloves.  The weight of the evidence against him is strong.  <u>See</u> 18 U.S.C. § 3142(g)(1)("[T]he judicial officer must consider . . . . the weight of the evidence against the person . . . .").  The Court has denied his motion to suppress, and Kelly has admitted the possession of the shotgun.  <u>See</u> MOO ¶ 23, at 5.

Kelly's "history and characteristics" also counsel in favor of detention.  18 U.S.C. § 3142(g)(3).  Kelly has a history of not appearing at Court.  He has had past poor performance under community supervision and noncompliance with court orders.  He has a history of addiction. Moreover, the Court is getting a murky picture of Kelly even after hearing testimony on this Motion. There are a number of factors that have influenced the Court to date and continue to do so.  When Kelly was arrested and when he was initially before the Court, he had lacked a stable residence.  His family members told Pretrial Services that he had a mobile lifestyle.  The Court is unconvinced that the picture is much clearer to the Court today.

Kelly's parents appear not to be always present.  Kelly's father travels, and his mother travels with the father at times.  These considerations counsel against making them custodians. Moreover, Kelly was living at times with his parents and at times in his car when he was arrested, so it is unclear how much control they really have over their son.  The Court is also unclear on the circumstances surrounding the relationship between Kelly and Van Auken.  It is unclear if they met through employment or treatment.  The Court is generally hesitant to release defendants into the

custody of girlfriends or fiancees, because it is often unclear what control they might be able to exercise over them.  These relationships are less stable than relationships with parents or spouses. Kelly and Van Auken have gone from being boyfriend/girlfriend to being engaged during the course of this case.  The Court is concerned about the lack of stability in either Kelly's home with his parents or in his relationship with Van Auken.  Based on these considerations, the Court concludes that, by a preponderance of the evidence, Kelly is a flight risk.  The Court does not see an arrangement that gives the Court comfort that it can mitigate Kelly's risk of nonappearance to an acceptable level.

The Court also finds that by clear-and-convincing evidence, Kelly presents a danger to the community.  The alleged offense in this case -- Kelly's possession of a sawed off shot gun, a mask, and gloves -- demonstrates the danger Kelly presents.  Kelly's history of violent offenses supports the Court's conclusion.  He also has a history of the unresolved substance abuse and addiction.

The Court finds that Kelly is, by a preponderance of the evidence, a flight risk, and, by clear-and-convincing evidence, a danger to the community.  The Court finds no conditions that adequately mitigate these concerns.  The Court therefore concludes that "no condition or combination of conditions will reasonably assure the appearance of [Kelly] as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).

**IT IS ORDERED** that the Defendant's Motion to Review Conditions of Release, filed October 18, 2010 (Doc. 33), is granted in part and denied in part.  The Court grants Kelly's request that it review his detention order, but denies his request to modify the order.

_____
UNITED STATES DISTRICT JUDGE

-6-

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Paige Messec
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

D. Chipman "Chip" Venie
The Law Firm of Chip Venie
Albuquerque, New Mexico

      *Attorneys for the Defendant*