# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                 No. CR 10-2057 JB

CODY KELLY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed March 7, 2011 (Doc. 49). The Court held a sentencing hearing on March 11, 2011. The primary issues are: (i) whether the Court should depart downward, pursuant to U.S.S.G. § 4A1.3, because Defendant Cody Kelly's criminal history is overrepresented in his Presentence Investigation Report ("PSR"); and (ii) whether the Court should grant Kelly a variance from the advisory guideline range to a sentence of 36 months. The Court denies Kelly's request for a downward departure, because his criminal history is not overrepresented, but grants Kelly a variance to a sentence of 41 months and 3 years supervised release.

## PROCEDURAL BACKGROUND

On December 15, 2010, Kelly pled guilty under a plea agreement to a one-count Information charging a violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), felon in possession of a firearm and ammunition. See Doc. 46. The United States Probation Office ("USPO") disclosed a PSR for Kelly on February 8, 2011. In the PSR, the USPO calculated Kelly's offense level to be 21 and his criminal history category to be III, establishing a guideline imprisonment range of 46 to 57 months. There being no objections to the PSR's sentencing calculation, the Court adopts the PSR's guideline

calculations as its own.

On March 2, 2011, the USPO disclosed an addendum to the PSR providing newly obtained information about Kelly's medical, academic, and employment history.  On March 7, 2011, Kelly filed his Sentencing Memorandum requesting a downward departure or a downward variance to a 36-month sentence, because his criminal history category is over-represented.  <u>See</u> Sentencing Memorandum at 1, 8.  On March 7, 2011, a second Addendum to the PSR was disclosed, concluding after a reexamination of Defendant's criminal history that a criminal history category III accurately represents Kelly's criminal history.  On March 7, 2011, Plaintiff United States of America filed its Response to Defendant's Sentencing Memorandum.  <u>See</u> Doc. 54.  The United States asserts that a criminal history category III accurately reflects Kelly's criminal past and recommends a sentence at the low end of the guidelines.

<u>ANALYSIS</u>

The Court denies Kelly a downward departure for his criminal history being overrepresented. The Court grants Kelly a variance from the advisory guidelines, but not as much as he requests.  The Court sentences Kelly to 41 months incarceration and 3 year supervised release.

I.   <u>KELLY'S CRIMINAL HISTORY IS NOT OVERREPRESENTED</u>.

Kelly asks the Court to depart downward under U.S.S.G. § 4A1.3, because he contends that a criminal history category of III overrepresents the seriousness of his criminal history.  U.S.S.G. § 4A1.3(b)(1) provides: "Standard for Downward Departure. -- If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."  Kelly's criminal history consists of a conviction for embezzlement in 2004, for which he received a suspended sentence of 18 months, and a set of

-2-

convictions relating to a 2005 robbery, for which he received a suspended sentence and probation, which was revoked upon Kelly's arrest for this offense.  Kelly served 266 days in custody on the probation violation.  Kelly is also facing felony charges in state court for forgery, fraud, and identity theft for allegedly, with another person, cashing checks that had been stolen during a burglary of the victim's vehicle.

Kelly asserts that his criminal history is overrepresented because his 2005 robbery conviction accounts for 4 of his 5 criminal history points.  In that offense, Kelly drove a vehicle while his girlfriend, reaching out of the window of the vehicle, grabbed an eighty-one-year-old woman's purse in a Target parking lot.  The woman was dragged beside the vehicle.  The elderly woman was seriously injured during the robbery and had to be hospitalized for her injuries, which included two broken vertebrae, a broken hip, and lacerations.  Kelly stated at the time that he and his girlfriend planned the robbery because they were addicted to methamphetamine.

The Court does not believe that a criminal history of III significantly overrepresents Kelly's criminal record.  In the PSR calculations, 2 points were assessed for the robbery conviction, and 2 were assessed because Kelly committed the current federal offense while on probation for the robbery.  The elderly victim was seriously injured.  The robbery was not Kelly's first felony offense, and Kelly is before the Court on his third felony offense.  Moreover, Kelly avoided being charged with possession of methamphetamine in 2009.  Kelly also has two pending felony charges from early 2010 in state court.  Given the recency of Kelly's conviction, and the fact that he continues to break the law in spite of his arrests and punishments, the Court does not believe that a downward departure for an overrepresented criminal history is justified in this case.  See United States v. Caldwell, 219 F.3d 1186, 1192 (10th Cir. 2000)(stating that, with a departure under § 4A1.3, "[a]s with all departure decisions, the district court should consider all of the factual circumstances that

-3-

bear upon a defendant's criminal history and likelihood for recidivism"); United States v. Maldonado-Campos, 920 F.2d 714, 720 (10th Cir. 1990)("[I]n addition to the seriousness of a defendant's criminal history, recidivism should be considered in deciding whether to depart downward under § 4A1.3." (citations omitted)).  Kelly fits comfortably within a criminal history category III; the Court does not believe that his criminal history category substantially overrepresents his previous criminal history of his likelihood for recidivism.  The Court therefore denies Kelly a downward departure for overrepresentation.

## II.   **THE COURT WILL GRANT KELLY A DOWNWARD VARIANCE**.

Kelly also asks for a variance.  He contends that he is ready to redeem himself.  He asserts that he has a stable job and family waiting for him.  The United States notes that Kelly was found with a sawed off shotgun, a ski mask, and latex gloves, which it contends reveals that Kelly intended to use the shotgun for no good.  The United States argues that a sentence of 46 months --at the low end of the guideline range -- would be appropriate in this case.

The Court believes a slight variance is warranted in this case.  Having denied Kelly's request for a downward departure, the offense level is 21 and the criminal history is III.  The corresponding guideline imprisonment range is 46 to 57 months.  The Court notes that Kelly was arrested in possession of a sawed off 12 gauge double barrel shotgun and 72 rounds of ammunition.  The shotgun was determined to have a barrel length of 11 and one-half inch and an over all length of just over 18 inches, with the butt of the shotgun cut to a pistol grip.  Before the arrest, Kelly had been convicted of a felony crime of violence.  The Court has thought carefully about Kelly's case, having considered his motion to suppress evidence and preparing for this sentencing.  The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline range

for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate in this case. The Court might have been inclined to grant Kelly's requested sentence of 36 months, but the Court is troubled over the mask and gloves that were found with Kelly's shotgun. On the other hand, there was not victim in this case, there is no evidence the gun was used, and the state of New Mexico has not sent a strong signal to Kelly about the seriousness of his prior offenses. Moreover, while the Court does not believe that Kelly's criminal history is substantially overrepresented, it believes that it may be somewhat overrepresented. The Court thinks that it is appropriate to treat this case like one with an offense level of 20 and a criminal history category of III, which would suggest a range of 41 to 51 months; a sentence at the low end of that range -- of 41 months -- better reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Kelly's criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act. The Court will also impose a three year term of supervised release.

   **IT IS ORDERED** that the Court grants in part and denies in part the Defendant's Sentencing Memorandum, filed March 7, 2011 (Doc. 49), and sentences Defendant Cody Kelly to 41 months

incarceration and three years supervised release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
   United States Attorney
Paige Messec
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

       Attorneys for the Plaintiff

D. Chipman "Chip" Venie
The Law Firm of Chip Venie
Albuquerque, New Mexico

       Attorney for the Defendant