# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Cody Allen Kelly** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR02057-001JB** |
| | USM Number: **57350-051** |
| | Defense Attorney: **D. Chipman Venie, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1), 18 U.S.C. Sec. 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 01/26/2010 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s 2 and 3 of Indictment** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 11, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**May 17, 2011**
Date Signed

Defendant: **Cody Allen Kelly**
Case Number: **1:10CR02057-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **41 months**.

**The Court incorporates its Memorandum Opinion and Order, filed May 17, 2011 (Doc. 59). The United States Probation Office ("USPO") disclosed a PSR for Defendant Cody Kelly on February 8, 2011. In the PSR, the USPO calculated Kelly`s offense level to be 21 and his criminal history category to be III, establishing a guideline imprisonment range of 46 to 57 months. There being no objections to the PSR`s sentencing calculation, the Court adopts the PSR`s guideline calculations as its own.**

**On March 2, 2011, the USPO disclosed an addendum to the PSR providing newly obtained information about Kelly`s medical, academic, and employment history. On March 7, 2011, Kelly filed his Sentencing Memorandum requesting a downward departure or a downward variance to a 36-month sentence, because his criminal history category is over-represented. See Sentencing Memorandum at 1, 8. On March 7, 2011, a second Addendum to the PSR was disclosed, concluding after a reexamination of Defendant`s criminal history that a criminal history category III accurately represents Kelly`s criminal history. On March 7, 2011, Plaintiff United States of America filed its Response to Defendant`s Sentencing Memorandum. See Doc. 54. The United States asserts that a criminal history category III accurately reflects Kelly`s criminal past and recommends a sentence at the low end of the guidelines.**

**The Court denies Kelly a downward departure for his criminal history being overrepresented. The Court grants Kelly a variance from the advisory guidelines, but not as much as he requests. The Court sentences Kelly to 41 months incarceration and 3 year supervised release.**

**In support of his request of a downward variance, Kelly contends that he is ready to redeem himself. He asserts that he has a stable job and family waiting for him. The United States notes that Kelly was found with a sawed off shotgun, a ski mask, and latex gloves, which it contends reveals that Kelly intended to use the shotgun for no good. The United States argues that a sentence of 46 months -- at the low end of the guideline range -- would be appropriate in this case.**

**The Court believes a slight variance is warranted in this case. Having denied Kelly`s request for a downward departure, the offense level is 21 and the criminal history is III. The corresponding guideline imprisonment range is 46 to 57 months. The Court notes that Kelly was arrested in possession of a sawed off 12 gauge double barrel shotgun and 72 rounds of ammunition. The shotgun was determined to have a barrel length of 11 and one-half inch and an over all length of just over 18 inches, with the butt of the shotgun cut to a pistol grip. Before the arrest, Kelly had been convicted of a felony crime of violence. The Court has thought carefully about Kelly`s case, having considered his motion to suppress evidence and preparing for this sentencing. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate in this case. The Court might have been inclined to grant Kelly`s requested sentence of 36 months, but the Court is troubled over the mask and gloves that were found with Kelly`s shotgun. On the other hand, there was not victim in this case, there is no evidence the gun was used, and the state of New Mexico has not sent a strong signal to Kelly about the seriousness of his prior offenses. Moreover, while the Court does not believe that Kelly`s criminal history is substantially overrepresented, it believes that it may be somewhat overrepresented. The Court thinks that it is appropriate to treat this case like one with an offense level of 20 and a criminal history category of III, which would suggest a range of 41 to 51 months; a sentence at the low end of that range -- of 41 months -- better reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Kelly`s criminal history is adequately reflected in this sentence and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act. The Court will also impose a three-year term of supervised release.**

☒       The court makes the following recommendations to the Bureau of Prisons:

**Phoenix Federal Correctional Institution, Phoenix, Arizona, if eligible**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Cody Allen Kelly**
Case Number: **1:10CR02057-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Cody Allen Kelly**
Case Number: **1:10CR02057-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms, illegal narcotics and other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

Defendant: **Cody Allen Kelly**
Case Number: **1:10CR02057-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest to the firearm and ammunition listed in paragraph 12 of the Plea Agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.